UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Charles Cloninger,<br><br>　　Plaintiff,<br><br>v.<br><br>National Enterprise Systems, Inc.,<br><br>　　Defendant. | Case No.: 4:22-cv-4044<br><br>Judge:<br><br>**PLAINTIFF CHARLES CLONINGER'S COMPLAINT**<br><br><br>**Jury Demand Requested** |

## JURISDICTION AND VENUE

1- This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff, Charles Cloninger, is a resident of the State of Texas, in the county of Harris.

4- Plaintiff is a "consumer" as defined in the Fair Debt Collection Practices Act, 15 USC 1692 et seq. ("FDCPA").

5- Plaintiff allegedly incurred a "Debt" as defined in the FDCPA.

6- Defendant, National Enterprise Systems, Inc., is a company with its principal office in the State of Illinois.

7- Defendant acquired such Debt after it was in default.

1

8- Defendant regularly collects, or attempts to collect, debts that it acquired after such debts are allegedly in default.

9- Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

10- At all times relevant, Defendant was a "debt collector" as defined in the FDCPA.

## FACTS COMMON TO ALL COUNTS

11- On or around May 16th, 2022, Plaintiff's attorneys sent a letter to Defendant notifying Defendant of Plaintiff's representation with respect to such debt.

12- Despite Defendant knowing of Plaintiff's representation with respect to such debt, Defendant communicated with Plaintiff and attempted to collect on the debt at least one (1) time thereafter.

13- Plaintiff's May 16th, 2022, letter notified Defendant that Plaintiff wishes Defendant cease further communications with Plaintiff.

14- Despite Defendant having notification Plaintiff wishes Defendant cease further communications with Plaintiff, Defendant communicated with Plaintiff and attempted to collect on the debt at least one (1) time.

15- Through its actions described above, Defendant violated the FDCPA.

16- Defendant's actions, directly and proximately, caused Plaintiff undue stress, confusion, and anxiety; thereby damaging Plaintiff.

17- As a direct and proximate result of Defendant's actions, Plaintiff expended time and money consulting a lawyer, and/or incurred attorney fees and costs.

## COUNT I – VIOALTION OF FDCPA § 1692c(a)(2)

18- Plaintiff incorporates all allegations and statements made above as if reiterated herein.

19- Defendant violated 15 USC § 1692c(a)(2) by initiating communications with a consumer at least one (1) time after knowing of attorney representation with respect to such debt.

### COUNT I I– VIOLATION OF FDCPA § 1692c(c)

20- Plaintiff incorporates all allegations and statements made above as if reiterated herein.

21- Defendant violated 15 USC § 1692c(c) when it communicated with Plaintiff at least one (1) time after having notification the Plaintiff wishes the Defendant cease further communications with Plaintiff.

### COUNT III – VIOLATION OF FDCPA § 1692e

22- Plaintiff incorporates all allegations and statements made above as if reiterated herein.

23- Defendant violated 15 USC § 1692e when it used false and deceptive means to collect on such debt by attempting to collect directly from Plaintiff after knowing of attorney representation and by attempting to collect from Plaintiff after notification of Plaintiff's wish it cease communications.

### COUNT IV – VIOLATION OF FDCPA § 1692f

24- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

25- Defendant violated 15 USC § 1692f when it used unfair or unconscionable means to collect on such debt by attempting to collect directly from Plaintiff after knowing of attorney representation and by attempting to collect from Plaintiff after notification of Plaintiff's wish it cease communications.

### JURY DEMAND

26- Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

27- Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

   d. Any other legal and/or equitable relief as this Court deems appropriate.

                              RESPECTFULLY SUBMITTED,


Date: November 21, 2022        By: /s/ Anthony P. Diehl
                                   Anthony P. Diehl, Esq.
                                   Attorney-in-charge
                                   CA Bar No.: 342160
                                   TXS Bar No.: 3803560
                                   Litigation Practice Group
                                   17542 17th Street, Suite 100
                                   Tustin, California, 92780
                                   Tel: (949) 715-0644
                                   Fax: (949) 315-4332
                                   adiehl@lpglaw.com